ALEXANDER GINSBURG, PETITIONER, v. WILLIAM J. LENSKJOLD, RESPONDENT.

**Upholsterer—Injury to Finger—Question of Employment—Question of Notice of Accident—Judgment For Petitioner.**

On findings of fact and determination.

For the petitioner, *Harry L. Tepper.*

For the respondent, *Walter C. Ellis.*

The above matter coming on for hearing, and having been submitted to me for decision, I hereby find and determine as follows:

1. That this is a proceeding brought by Alexander Ginsburg against William J. Lenskjold, under an act entitled "An act prescribing the liability of an employe in the course of employment, establishing an elective schedule of compensation and regulating procedure for the determination of liability and compensation thereunder," approved April 4th, 1911, and the acts amendatory thereof and supplemental thereto; that a petition was filed herein on the 28th day of January, 1925; that a copy of said petition was served on the respondent in the month of February, 1925; that due notice of hearing on said petition and answer was given to the respondent; that the case came on for hearing on the 20th day of May, 1925, which hearing was held in the presence of Harry L. Tepper, Esq., of Braelow & Tepper, attorneys for the petitioner, and Walter C. Ellis, Esq., attorney for the respondent, on which day both parties produced witnesses who were examined in the presence of said counsel.

\*    \*    \*    \*    \*    \*    \*    \*    \*

2. The petitioner was employed by the respondent as an upholsterer on the 14th day of August, 1924, and that he

continued in such employment up to the 23d day of August, 1924; that his duties consisted of covering furniture and doing all the work necessary and required in the business of upholstering. The testimony concerning the termination of petitioner's employment by respondent is in conflict. The respondent testified he discharged petitioner because he was a poor worker. Petitioner testified that his work was considerably slowed up by reason of the injury to his fingers, and, for that reason, respondent dispensed with his services. Petitioner testified that he worked for the respondent on Thursday, Friday and Saturday, of August 14th, 15th and 16th, and that during this period he used the tools of respondent. Saturday, August 16th, petitioner went to respondent and said that if he (respondent) was satisfied with his (petitioner's) work, petitioner would go get his own tools from the place of his pevious employment. Petitioner went to get his own tools, but being unable to secure them, because the place of his previous employment was closed, he worked the entire week following with respondent's tools. Petitioner worked for his previous employer for three years, and for eighteen years previous to that conducted an upholstery business of his own in Rutherford, New Jersey. At present he conducts an upholstery business in the city of Newark.

I determine, therefore, that petitioner's claim is more plausible than respondent's, and was not discharged for being a poor workman, as is claimed by respondent.

3. That the petitioner at the time of the injury received for his services wages amounting to $51 a week.

4. That on the 21st day of August, 1924, the petitioner sustained personal injuries in the course of his employment, consisting of a cut on the right index finger and second finger of the right hand, and that the said injuries arose out of and in the course of petitioner's employment.

5. That the respondent had actual knowledge of the occurrence of the said injuries. The testimony on this point was in conflict, the petitioner testifying that after he had sustained the cut and found blood flowing from his finger, he

washed his finger, squeezed the cut and then bandaged it. The bandage, however, was not tied tightly, and a short time afterwards it came off, and that he, the petitioner, asked Mr. Lenskjold's son, George, who was working there at the time to tie the bandage more tightly, and he did so. John Lenskjold testified that he did not put on this bandage, and, furthermore, that there was no bandage on that finger, even on August 23d, 1924.

Fay Ginsburg, a daughter of the petitioner, testified that on Thursday evening, August 21st, 1924, she was in charge of the Ginsburg home, due to the fact that her mother was away on a vacation, and that seeing her father's finger bandaged she inquired the cause of it, and that he stated that he had cut it at work that day; that she thereupon prepared a solution; that her father soaked his finger in it and that she bandaged the finger thereafter. She remembered definitely that from the time she bandaged his finger and for a number of weeks thereafter she never again saw her father's finger without a bandage of some kind on it.

Service of a proper written notice having been admitted by the attorney for the respondent, this matter was not gone into, although Charles Ginsburg, son of the petitioner, who served the written notice upon Lenskjold approximately two weeks after the accident, testified that, under instructions, he asked Lenskjold to supply medical attention for his father, which Lenskjold refused to do.

Abraham J. Ginsburg, another son of the petitioner, testified more particularly as to the expenditures made in behalf of his father in the treatment of his infected finger. He stated that, in addition to the doctor's bill of, approximately, $175, he paid $55 in behalf of his father to the Newark Memorial Hospital, $40 to the nurse and $5 to a Dr. Haussling for a consultation.

I cannot conceive how respondent could not have known of petitioner's condition in the face of this testimony, and I cannot credit John Lenskjold's testimony.

\*      \*      \*      \*      \*      \*      \*      \*      \*

HARRY J. GOAS,
*Deputy Commissioner.*